Okay So So All right The United States Court of Appeals for the Federal Circuit is now open in a session God save the United States in this honorable court seated First case this morning Farrow vs. DBA 2012 Dash 7074 mr. Carpenter may proceed. Thank you very much. May it please the court Kenneth Carpenter appearing on behalf of Kenneth Farrow The issue in this case is one of regulatory interpretation specifically whether the provisions of 38 CFR 4.16 a Create a regulatory presumption that based upon the scheduler rating set out a requirement set out in that Regulation a veteran may be presumed to be unable to secure or follow substantial gainful occupation Well, I understand that your argument hinges largely on how a and B would seem to be somewhat Coextensive or a little unusual if we didn't conclude that a had the presumption. Is that right? Yes, your honor. I When the disabled person in the judgment of the rating agents agency unable to secure or follow substantial gainful occupation Yeah, it's an absolute condition expressed and clear and plain in a so it's very hard for me to read that out of a which Is what you're asking me to do? No, your honor. I don't believe I am I believe that ratings judgment does Exist notwithstanding the existence of a presumption all the presumption does is to shift the evidentiary What is the language in a in a itself what language is it that gives rise to this presumption? the fact that they have specifically set out don't tell me the language in a that gives rise to a presumption because the presumption of soundness is clear as Day in the statute when you know The benefit of the doubt rule I mean all there are all kinds of presumptions that are created in veterans law which are made Crystal-clear in the statutes in which they appear and I want you to tell me what is the language that you hinge this presumption on Exactly. It is the specific identification of the multiple variants of scheduler ratings which if attained demonstrate evidence of an inability to follow substantial gainful occupation and that evidence is demonstrated by the continuing language within 4.16 a which defines Substantial gainful occupation which language show me in the four one four point one six day It's the sentence that talks about the fact that substantial gainful occupation does not mean Marginal employment and then goes on to explain that marginal employment is Employment in which a veteran earns more than the poverty level and therefore we have a specifically identified Circumstance in which we have a set of scheduler rating criteria that are set out in a that are not set out in B and we have a specific definition of Substantial gainful occupation which says that a veteran is able to work but may not earn more than marginal employment or more than the poverty threshold as a consequence your honor the rating judgment is simply a matter of Whether once you give the veteran the presumption that these scheduler ratings Indicate an inability to do that that the VA must come forward with affirmative evidence to the contrary To show that the veteran is capable or is in fact making marginal employment Those are the words that are set out within this regulation and I absolutely agree It's not crystal clear. But the fact is is that when you compare it to Subsection B. You have to read out all of this language as being total surpluses because that all of that language is meaningless in light of B because in light of B All you have to do is to show that you cannot follow substantial gainful occupation You're asking us to read a presumption into the statute work, but into the regulation into the regulation But if we do that, it would be inconsistent with with a plain words of the other regulation that say that refer to a substantially gainful Occupation as a result of service-connected disabilities. That's right. You're asking us to read that out of the regulation. No, your honor I'm saying that's what the VA has actually written into the regulation by defining what those scheduler ratings are That show an inability to follow substantial gainful occupation if you have one condition that is 60% individually or you have multiple disabilities one of which is at least 40 and Is combined to a rating of 70 and then they have a whole series of descriptors about different body systems that indicate a inability to follow substantial gainful occupation the language of B says that it is the established policy of The VA that any veteran who is unable to follow substantial gainful occupation shall be considered Unemployable, but it says by reason of service-connected disability. That's correct your honor, but that's any service-connected disability So that service-connected disability can be rated at 10% and then if the veteran can come forward and show evidence See to me. That's the difference between a and B Another difference between a and B in a it's the rating agency's judgment and in B You have to look like petition the director for compensation and pension services because this is an extra Scheduler consideration for a particular case. So it seems like okay if you meet 60% and no gainful employment Rating agency can give you your award. No problem under a under B say you don't have 60% but you've got no gainful employment Well, then you can petition up the chain and at the highest level they can make an exception and give you something But only at the highest level rating agency isn't authorized to do it Isn't that a meaningful distinction between a and B? It is your honor, but the underlying meaningfulness is that the burden is on the veteran in B and in a The burden should not be on the veteran because the VA has already made Scheduler rating determinations that qualify under a because if you don't consider that to be relevant to a Then why does the agency then get to make that decision? There's no difference between the agency You're right. Maybe it's not a model of clarity, which is what you said in the beginning But then don't we have to defer to the agency and give them Chevron deference? They have interpreted the plain language of the statute in a different fashion by your own admission that language is not crystal clear Why don't I have to give deference to their interpretation? Well, you're on other than the interpretation that has been offered in these proceedings I do not believe the VA has ever offered an Interpretation that says that the language of a is not a presumption or not intended to be a presumption They've Taken the opposite position. I beg your pardon. Have they taken the office? No, they have not taken the opposite position In fact as far as I can discern from both the regulatory history and the case law This question has never been Discussed or or evaluated by the VA so then judge Morris question is the same, isn't it? Why shouldn't we defer? Because then the question is is whether or not that interpretation is reasonable is it reasonable to say that a does not create a presumption when the same agency wrote B and said that there is a separate category of Veterans who don't meet scheduler requirements that will be entitled to the same benefit at the end of the day Whether this is decided by the director of comp and pen or it's decided by the Agency of original jurisdiction. It is still an award of extra scheduler rating It is an extra scheduler total rating based upon unemployability as defined and unemployability is defined in a as it is not defined in B in relationship to the specific service-connected disabilities at levels of award Levels of assignment of the disability and therefore it is not a reasonable Interpretation to say that this language is in there But it is simply meaningless because it doesn't do the veteran any good to have these other than the fact that he gets the agency of original jurisdiction to make the decision rather than have the director of compensation and pension make the decision under B Ultimately honor this is about the submission of evidence. All the presumption does is to relieve the Applicant the beneficiary of that presumption of the burden of presenting that evidence I'm simply suggesting that on its face this regulation creates a regulatory criteria That says if these are there the VA should presume an inability All that does is to shift the burden to the VA and it's not an onerous one to simply come forward with evidence Affirmative evidence that shows that the person is either making more than marginal income or is capable of doing that notwithstanding their service-connected disabilities as Having met the scheduler criteria. That's certainly an interesting position, but it doesn't seem to be what they did What who did what the VA did in writing this regulation? I Respectfully disagree your honor the VA put a lot of verbiage into this regulation and I'm suggesting that the VA has to explain to this court what it means Why is all of this language in there? Why is this scheduler criteria in there? Why is there a reference to marginal employment? What benefit is it to the veteran to have all of this information in there? If the burden remains on him from the beginning the burden remains on him from the beginning under B I'm simply suggesting that under a that burden should be relieved at Least to the point in which the VA comes forward with evidence to the contrary I see that I'm into my rebuttal time unless there's further questions. Thank you very much Tell me how to say your last name support. Okay, mr. Torr may proceed Good morning in May, please the court There is simply nothing In the language of 38 CFR section 4.16 that would support the presumption that mr. Farrow seeks to create in this case Section 4.16 says that regardless of your scheduler rating You have to show in order to receive a TDI you rating you have to show That you are unable to secure or follow substantially gainful occupation and That inability is the result of service-connected disabilities the sole difference between section a and section B Under the regulation is that under section a if you meet the 60 or 70 percent threshold Your case is decided by a regional rating board under section B The rating board has to submit a recommendation to the director of VA's compensation and pension service that's the sole difference and As To mr. Farrow's argument about why that 60 or 70 percent threshold is in there. It's important to keep in mind that these are that the scheduler rating represents average impairment of earning capacity So in other words for mr. Farrow's case His condition has an average impairment of earning capacity of about 60% now there may be specific Circumstances unique to him that he's able to show That would that would warrant a TDI you rating but on average his condition is a 60% average earning impairment So all section a is doing is saying that he needs to show It's his burden to show That he's unable to secure or follow Substantially gainful occupation by reason of his service-connected disabilities in order to receive that TDI you painting And mr. Farrow has not pointed to anything in VA's history and VA's Interpretation of this regulation in VA's manuals that would support giving this regulation a different interpretation This regulation has been in effect since 1975 and there's literally nothing. He's able to point to That would support creating the presumption that he seeks And In contrast to Mr. Farrow dice does that to a couple of other regulations in his brief where there is a presumption But that presumption has been clear on the face of the regulation Here, there's nothing on the face of the regulation that would support creating the presumption that he seeks If this court has no further questions, then we would respectfully request that the court perform the decision of the Veterans Court. Thank you I would dispute the fact that there is anything in 416 a that expressly indicates that the veteran is under an obligation to show anything or Specifically that the veteran has a burden to show anything There simply is not that language in 416 a and to suggest that is to contradict the notion that these scheduler ratings as set out in there have No meaning other than the fact that you get it decided at the regional office level the VA is correct that those scheduler ratings assigned represent the average impairment and the VA has said in its creation of this extra scheduler concept that it provides for a consideration and the subject of consideration comes from the veteran is or herself in which they indicate to the court or excuse me to the VA that the Severity of their service-connected disabilities causes them to be unable to secure or follow substantial just substantial Excuse me gainful Occupation and as a consequence that is what has to be decided That is the ratings judgment that must be exercised by the rating Agency, but that does not mean that a veteran is deprived from the benefit of a regulatory presumption That would say that if he or she meets the scheduler requirements that that is a prime Facious showing on the part of the veteran that he or she does meet that Subjective test and he or she is unable to secure or follow substantial gainful occupation the rating judgment then becomes Once that presumption is in play the presumption either stands or it is rebutted by affirmative evidence This simply says that the VA would be responsible to provide Contrary evidence other than the showing and in this case. Mr. Farrow made more of a showing that he met the schedule requirements He showed that his earnings were less than Marginal employment during the relevant period at issue in this case So as a consequence the VA has affirmative evidence from the veteran that not only does he meet the subjective requirements? But he meets the specific Requirements of an inability meets the specific definition of an inability to follow substantial gainful occupation Therefore we submit that the veteran every veteran should be entitled to a presumption that if he or she meets the regulatory Requirements that they should be entitled to an evidentiary presumption that they are unable to secure or follow substantial gainful occupation Thank you very much. Thanks both counsel the case is submitted